UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KIRT BOBBY STONE**                              **CIVIL ACTION**

**VERSUS**                                         **NO. 16-1321**

**MARLIN N. GUSMAN, ET AL.**                      **SECTION: "B"(3)**

**REPORT AND RECOMMENDATION**

Plaintiff, Kirt Bobby Stone, was a state pretrial detainee at the time he filed this federal civil rights action pursuant to 42 U.S.C. § 1983. In his original complaint, he claimed that he was denied adequate medical care while incarcerated.[1] However, over the course of the proceedings, it became clear that plaintiff wished to modify the claims asserted and the defendants named in his original complaint. Accordingly, he was ordered to file an amended and superseding complaint incorporating all of his intended claims and defendants, and he was notified that *only* the claims and defendants listed in the amended and superseding complaint would be considered as claims and defendants in this lawsuit.[2] Plaintiff thereafter filed his amended and superseding complaint, in which he asserted claims challenging various conditions of his confinement within the Orleans Parish Prison system, and in which he named only three defendants: Orleans Parish Sheriff Marlin N. Gusman; "Correct Care Recovery Solutions"; and "Aramark Food Provider."[3]

Correct Care Solutions, LLC (the correct name of the defendant identified as "Correct Care Recovery Solutions") and Aramark Correctional Services, LLC (the correct name of the defendant

---

[1] Rec. Doc. 4.
[2] Rec. Docs. 19 and 20.
[3] Rec. 21.

identified as "Aramark Food Provider") have filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4]  Plaintiff has not responded to either of those motions. Moreover, mail sent to plaintiff at his address of record at the jail has been returned by the United States Postal Service as undeliverable and bearing a notation indicating that he is no longer in custody.[5]  Because he has failed to notify the Court of his current address, his whereabouts are unknown.

### I.  Motions to Dismiss

Turning first to the pending motions to dismiss, the Court notes that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."  Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and ellipsis omitted).  Accordingly, Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted.  In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted).  However, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. (citation, footnote, and quotation marks omitted).  On that point, the United States Supreme Court has explained:

---

[4] Rec. Docs. 30 and 35.
[5] Rec. Docs. 33 and 34.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

For the following reasons, the undersigned recommends that the unopposed motions to dismiss be granted.

## A.  Correct Care Solutions, LLC

With respect to Correct Care Solutions, LLC ("Correct Care"), plaintiff states his claim against that defendant as follows:

> My complaint against the medical provider is that of me not getting proper medical treatment for my sickness, pain, and suffering by Correct Care Recovery Solutions. I spit up blood for a whole year before I was sends [sic] to the hospital.[6]

As an initial matter, the Court notes that Correct Care qualifies as a state actor under § 1983 despite the fact that it is a private entity. See Whittington v. Normand, Civ. Action No. 16-1702, 2016 WL 8213259, at *2 (E.D. La. Sept. 14, 2016) (holding that a private corporation contracted to operate the medical services within a parish jail is subject to liability as a state actor under § 1983), adopted, 2017 WL 497802 (E.D. La. Feb. 7, 2017); Grandpre v. Correct Health, Civ. Action No. 16-1543, 2016 WL 4539442, at *8 (E.D. La. Aug. 29, 2016) (same), adopted, 2016 WL 4987265 (E.D. La. Sept. 19, 2016); Shadrick v. Hopkins County, Kentucky, 805 F.3d 724, 736 (6th Cir. 2015) ("[P]rivate corporations performing traditional state functions, such as the

---

[6] Rec. Doc. 21, p. 1.

provision of medical services to prison inmates, act under color of state law for purposes of § 1983.").

However, Correct Care argues that the claim against it should nevertheless be dismissed because it appears that plaintiff is attempting to hold the corporation liable for the alleged actions or inactions of its employees based on a theory of *respondeat superior*. That is correct. It is beyond cavil that a § 1983 claim cannot be based on the theory of *respondeat superior*. See Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Chapman v. Correct Care Solutions, Civ. Action No. 16-13034, 2017 WL 535333, at *2 (E.D. La. Jan. 19, 2017) ("[I]t is clear that [Correct Care Solutions] cannot be held liable under § 1983 on either theory of *respondeat superior* or vicarious liability."), adopted, 2017 WL 530342 (E.D. La. Feb. 9, 2017); Grandpre v. Correct Health, Civ. Action No. 16-1543, 2016 WL 4539442, at *8 (E.D. La. Aug. 29, 2016) ("[Plaintiff] seeks to hold [the private corporation providing the jail's medical services] liable based on a theory of vicarious liability, which simply is not allowed in an action filed pursuant to § 1983."), adopted, 2016 WL 4987265 (E.D. La. Sept. 19, 2016); Easter v. Lafourche Parish Sheriff's Office, Civ. Action No. 13-5797, 2014 WL 3687239, at *3 (E.D. La. July 23, 2014) ("[P]laintiff appears to be attempting to hold [the private corporation providing the jail's medical services] liable based on a theory of vicarious liability, which simply is not allowed in an action filed pursuant to 42 U.S.C. § 1983."); Sears *ex rel.* Sears v. Lee, Civ. Action No. 08-3418, 2010 WL 324385, at *5 (E.D. La. Jan. 20, 2010) ("Plaintiff alone infers a broad custom or policy from an isolated incident or simply assumes, based

on the severity of Patrick's injuries, that an unconstitutional policy must be at fault. Without a more concrete causal connection between [the private corporation providing the jail's medical services] and the actions of its employees, Plaintiff's claim too closely mirrors simple vicarious liability which is unsustainable in this § 1983 action.").

Because Correct Care cannot be held vicariously liable for its employees and because plaintiff has not alleged any other basis on which the corporation itself violated his rights, such as by adopting a constitutionally deficient custom, policy, or practice which resulted in his injuries, he has failed to state a claim against Correct Care. Therefore, the § 1983 claims against Correct Care should be dismissed without prejudice. Whittington v. Normand, Civ. Action No. 16-1702, 2016 WL 8213259, at *3 (E.D. La. Sept. 14, 2016), adopted, 2017 WL 497802 (E.D. La. Feb. 7, 2017); Suffal v. Parish, Civ. Action No. 14-2478, 2015 WL 631452, at *3 (E.D. La. Feb. 13, 2015).

## A.  Aramark Correctional Services, LLC

With respect to Aramark Correctional Services, LLC ("Aramark"), plaintiff states his claim against that defendant as follows:

> My complaint against the food provider, Aramark, is that they have violated my constitutional rights as a prisonal [sic] of O.J.C. facility by failing to comply with the order of the medical provider, plus they serve me Jello, in [sic] I'm Muslim. In [sic] this is a nonpork facility also.[7]

In its motion, Aramark argues, *inter alia*, that plaintiff has failed to state a cognizable § 1983 claim against the corporation because he has not alleged that it was acting under color of state law in providing the food services at the jail. However, just as a private corporation providing medical services in a jail is considered a state actor for purposes of a § 1983 action, authority exists

---

[7] Rec. Doc. 21, p. 1.

for the proposition that a private corporation providing food services in a jail is likewise considered a state actor because it has assumed the role of providing an essential state function. See, e.g., Hardin v. Aramark Food Services Corp., Civ. Action No. 11-cv-3238, 2017 WL 1658812, at *4 (C.D. Ill. May 1, 2017); Avery v. Helder, Case No. 5:16-CV-5169, 2017 WL 776702, at *3 (W.D. Ark. Feb. 2, 2017); White v. Wright, Case No. 16-CV-1240, 2016 WL 6892477, at *2 n.1 (E.D. Wis. Nov. 22, 2016); Sutton v. City of Philadelphia, 21 F. Supp. 3d 474, 482-83 (E.D. Pa. 2014). However, even if Aramark is properly considered to be a state actor in this context, plaintiff's claim against Aramark nevertheless suffers from the same underlying defect as his claim against Correct Care – i.e., that the corporation cannot be held vicariously liable for its employees and plaintiff has not alleged any other basis on which the corporation itself violated his rights, such as by adopting a constitutionally deficient custom, policy, or practice which resulted in his purported injuries. Accordingly, for that reason alone, plaintiff has failed to state a proper § 1983 claim against Aramark.

For these reasons, the undersigned finds that plaintiff has failed to state a claim upon which relief can be granted against either Correct Care or Aramark. Accordingly, it is recommended that their motions to dismiss be **GRANTED**.

**However, in the event the United States District Judge determines that one or both of those motions should be denied, the undersigned alternatively notes that it would also be appropriate to dismiss the claims against Correct Care and Aramark for failure to prosecute for the same reasons as noted below with respect to the claims against Sheriff Gusman.**

## II.  Remaining Claims

Plaintiff's remaining claims, which concern various conditions of his confinement, are asserted against Orleans Parish Sheriff Marlin Gusman.  Sheriff Gusman has filed an answer in this proceeding.[8]  However, as noted, plaintiff's whereabouts are unknown, and, therefore, the Court in unable to hold a preliminary conference in this matter in order to set those claims for trial.  Accordingly, the claims against Sheriff Gusman should be dismissed for failure to prosecute.

This Court's Local Rules provide:  "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change."  Local Rule 11.1.  The Local Rules further provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1.  More than thirty-five days ago, mail sent to plaintiff at his address of record was returned by the United States Postal Service as undeliverable because he was no longer at that address.[9]

In light of the foregoing, it is appropriate to dismiss plaintiff's claims against Sheriff Gusman for want of prosecution.  The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear.  <u>Link v. Wabash R.R.</u>, 370 U.S. 626 (1962); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988).  The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court, and such a

---

[8] Rec. Doc. 29.
[9] Rec. Docs. 33 and 34.

dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Here, plaintiff has failed to notify the Court of his current address and mail sent to him at his address of record has been returned to the Court as undeliverable. Due solely to plaintiff's failure, his whereabouts are unknown, and the Court has no way to contact him in order to advance his case on the docket. Accordingly, it is appropriate to dismiss the claims against Sheriff Gusman for failure to prosecute.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the unopposed motions to dismiss filed by Correct Care Solutions, LLC, and Aramark Correctional Services, LLC, be **GRANTED** and that the claims against those defendants be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Sheriff Marlin Gusman be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twentieth day of June, 2017.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**